UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTHERN ENVIRONMENTAL MANAGEMENT & SPECIALTIES, INC. | CIVIL ACTION |
| VERSUS | |
| RICHARD R. LEE, et al. | NO. 22-107-BAJ-SDJ |

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 23, 2022.

SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTHERN ENVIRONMENTAL<br>MANAGEMENT & SPECIALTIES, INC. | CIVIL ACTION |
| VERSUS | |
| RICHARD R. LEE, et al. | NO. 22-107-BAJ-SDJ |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are the following two Motions: (1) a Motion to Remand and For Attorneys' Fees and Costs (R. Doc. 6), filed by Defendants Richard W. Lee; Hanna Naquin; Hunter Lee; Amstead Insurance, LLC; P3 Finance, LLC; and Bruin Environmental and Remediation Services, LLC; and (2) a Motion to Realign the Parties, or, Alternatively, Request to Sever the State Law Claims (R. Doc. 8), filed by Plaintiff Southern Environmental Management & Specialties, Inc., and Counterclaim Defendants Mark Morgan and Adam Morgan. Both Motions are opposed (R. Docs. 9, 10). Because this Court does not have jurisdiction over this matter, it is recommended[1] that this matter be remanded to the Nineteenth Judicial District Court for all further proceedings.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On or about November 2, 2021, Plaintiff SEMS filed suit against Defendants in the 19th JDC, seeking a temporary restraining order, a preliminary injunction, and a permanent injunction, as well as damages for alleged violation of various Louisiana state laws.[2]   As alleged by SEMS,

---

[1] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").
[2] R. Doc. 1-2 at 1-15.

Mark Morgan is the founder and majority owner of SEMS.[3] Defendant Richard Lee was an employee and minority owner of SEMS, beginning work there in 1993 and eventually obtaining the position of President of SEMS.[4] Defendant Hannah Naquin, Lee's daughter, also worked at SEMS, resigning therefrom on October 24, 2020.[5] On January 15, 2021, Mark Morgan "made the decision to name his son, Adam Morgan, president of SEMS Inc."[6] The following day, Mark Morgan offered Lee the position of Vice President of Operations of SEMS, which offer Lee rejected.[7]

Shortly thereafter, Lee filed a Charge of Discrimination with the Louisiana Commission on Human Rights and the Equal Employment Opportunity Commission, alleging age discrimination and retaliation based on the January 15, 2021 incident during which, per Lee, he was demoted and replaced by Adam Morgan, who is 19 years younger than Lee.[8] On February 1, 2021, Lee sent Mark Morgan an email informing him that Lee had filed said charge of age-based discrimination against SEMS with the EEOC.[9] Lee's employment with SEMS subsequently was terminated on April 20, 2021.[10]

After SEMS filed suit against Defendants in the 19th JDC, Lee filed a Reconventional Demand against SEMS, Mark Morgan, and Adam Morgan alleging, *inter alia*, violation of the federal Age Discrimination in Employment Act.[11] In response, on February 11, 2022, Plaintiff SEMS, along with Mark Morgan and Adam Morgan, filed a Notice of Removal with this Court,

---

[3] *Id.* at 3.
[4] *Id.*
[5] *Id.*
[6] *Id.* at 4.
[7] *Id.* at 4-5.
[8] *Id.* at 110-11.
[9] *Id.* at 5.
[10] R. Doc. 6-1 at 3.
[11] R. Doc. 1-2 at 277-299.

thereby removing its own case from state court to federal court.[12] In its Notice of Removal, SEMS argues that this Court has federal subject matter jurisdiction over this matter based on the ADEA claims raised by Lee in his Reconventional Demand.[13] In response to removal, Defendants filed the instant Motion to Remand on March 4, 2022, arguing that this Court lacks subject matter jurisdiction over this case because a counterclaim cannot provide the basis for federal question jurisdiction.[14]

On March 17, 2022, SEMS, along with Mark Morgan and Adam Morgan, filed the instant Motion to Realign the Parties or, Alternatively, Request to Sever the State Law Claims in which they ask the Court to, essentially, swap the Parties, making Lee the plaintiff herein; SEMS, Mark Morgan, and Adam Morgan the defendants; SEMS the counterclaim plaintiff; and Lee, Hannah Naquin, Hunter Lee, Amstead, P3, and Bruin the counterclaim defendants.[15] In their Motion, SEMS, Mark Morgan, and Adam Morgan also request, in the alternative, that this Court maintain jurisdiction over the ADEA claim and sever all of the state law claims, remanding those to state court.[16]

In addition to their Motion to Realign the Parties, SEMS, Mark Morgan, and Adam Morgan filed an Opposition to Defendants' Motion to Remand on March 25, 2022.[17] Defendants then filed their Opposition to SEMS's Motion to Realign the Parties on April 8, 2022.[18] On April 19, 2022, with leave of Court, SEMS, Mark Morgan, and Adam Morgan filed a Reply Memorandum in support of their Motion to Realign the Parties.[19] Recently, on October 10, 2022, Lee filed a Notice

---

[12] R. Doc. 1.
[13] R. Doc. 1-1 at 2.
[14] R. Doc. 6 at 4-5.
[15] R. Doc. 8 at 3.
[16] *Id.* at 4.
[17] R. Doc. 9.
[18] R. Doc. 10.
[19] R. Doc. 13.

3

with this Court voluntarily dismissing without prejudice claims against Counterclaim Defendants Mark Morgan and Adam Morgan.[20]

## II.    LAW AND ANALYSIS

### A.    Motion to Remand

#### 1.    Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A district court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Remand is proper if, at any time, the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

#### 2.    Whether this Court Has Subject Matter Jurisdiction

In their Notice of Removal, SEMS, Mark Morgan, and Adam Morgan specifically state as their "basis for removal" that "this Court has original subject matter jurisdiction to consider Plaintiff-in-Reconvention Ricky Lee's claim regarding alleged age discrimination."[21] However, as pointed out by Defendants in their Motion to Remand, it is clear that a counterclaim cannot provide the basis for federal question jurisdiction in a case.

---

[20] R. Doc. 19.
[21] R. Doc. 1-1 at 2.

"Courts determine subject matter jurisdiction by looking to the 'well-pleaded complaint' rule, which confers federal jurisdiction only when a federal question appears on the face of the plaintiff's complaint." *Bank of New York Mellon v. Laugand*, No. 17-67, 2017 WL 9485533, at *3 (M.D. La. Sep. 21, 2017) (citing *Caterpillar Inc v. Williams*, 482 U.S. 386, 392 (1987)). Per the Fifth Circuit, "[w]hen an action is brought to federal court through the § 1441 mechanism, 'for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.'" *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (quoting 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3722, at 255–60); *see Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009) ("Under the well-pleaded complaint rule, a completely preempted counterclaim remains a counterclaim and thus does not provide a key capable of opening a federal court's door."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002) ("responsive pleadings by the defendant [cannot] establish 'arising under' jurisdiction").

Stated another way, "[s]ection 1441(a) limits removal to *defendants* …. [a]nd a plaintiff, against whom a counterclaim has been filed, is not a 'defendant' for purposes of removal." *Poston v. Cottonmouth Boats, LLC*, No. 21-52, 2021 WL 1881196, at *2, *report and recommendation adopted*, 2021 WL 1873445 (M.D. La. May 10, 2021) (citing, *inter alia*, 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court"); *Horton v. Nacogdoches Indep. Sch. Dist.*, 81 F. Supp. 2d 707, 710 (E.D. Tex. 2000) ("Simply put,

5

counterclaims do not allow plaintiffs to remove cases which they originally chose to bring in state court. Numerous courts have reached this same result."")).

SEMS, Mark Morgan, and Adam Morgan, however, attempt to side-step this well-settled law and argue, alternatively, that removal here was pursuant to section 1441(c), not section 1441(a).[22] As provided in section 1441(c), which pertains to joinder of federal and state law claims:

> (1) If a civil action includes—
>
>> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>>
>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

Per SEMS, Mark Morgan, and Adam Morgan, this provision of the removal statute "does not limit removal to only a defendant or defendants."[23] As alleged in their Opposition to Defendants' Motion to Remand, "the Supreme Court's decision in *Home Depot* does not necessarily foreclose removal here as the basis of removal is § 1441(c), and there does not appear to be any clearly

---

[22] R. Doc. 9 at 3-5. As set forth in Section 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by **the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added).
[23] *Id.* at 3.

6

established or controlling law in this circuit that third-party defendants cannot remove under § 1441(c)."[24]

However, SEMS, Mark Morgan, and Adam Morgan have cited to no case law where removal by a plaintiff under section 1441(c) has been permitted. In *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980), cited by SEMS, Mark Morgan, and Adam Morgan, the Fifth Circuit permitted removal of a case under § 1441(c) by a third-party defendant, where the third-party complaint presented a "separate and independent" claim from the original action. *Carl Heck*, 622 F.2d at 136. The Western District acknowledged this prior Fifth Circuit ruling in *Specialists Hospital-Shreveport, LLC v. Harper*, No. 21-1748, 2021 WL 4234950, at *2 (W.D. La. Aug. 27, 2021), *report and recommendation adopted*, 2021 WL 4237130 (W.D. La. Sep. 16, 2021), noting that *Carl Heck* "arguably withstands the contrary result in *Home Depot*, which focused upon § 1441(a)." *Harper*, 2021 WL 4234950, at *2.

In a subsequent case, the Fifth Circuit reiterated its finding in *Carl Heck*, stating that "[s]ection 1441(c) authorizes removal to federal court of cases in which a 'separate and independent' federal claim or cause of action is joined with a nonremovable claim or cause of action." *State of Tex. By and Through Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 816-17 (5th Cir. 1998). The Fifth Circuit, however, clarified its position, specifically stating: "This court has not previously extended the *Carl Heck* rationale to ordinary counter-defendants. Doing so would fly in the face of the well-pleaded complaint rule where the counter-defendants were the same parties as the state court plaintiffs." *Id.* at 816. It continued that "[t]here has never

---

[24] *Id.* at 5. The case being referenced by SEMS, Mark Morgan, and Adam Morgan is *Home Depot U.S.A. v. Jackson*, in which the Supreme Court held, *inter alia*, that "[s]ection 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." 139 S.Ct. 1743, 1748 (2019).

7

been a suggestion that a defendant could, by asserting an artful counterclaim, render a case removable in violation of the well-pleaded complaint rule." *Id.* at 816 n.2.

Here, the Notice of Removal was filed by SEMS, the original Plaintiff and Counter-Defendant, as well as third-party Counter-Defendants Mark Morgan and Adam Morgan. Based on Fifth Circuit precedent, removal by SEMS does not comport with the well-pleaded complaint rule and is not permitted here under either section 1441(a) or section 1441(c). Moreover, Lee recently filed a Notice with this Court voluntarily dismissing his claims against Mark Morgan and Adam Morgan, leaving Plaintiff SEMS as the sole Counter-Defendant and thereby eliminating third-party involvement.[25]

In addition, section 1441(c) is applicable to a civil action where a claim raising a federal question is combined with a claim "not within the original or supplemental jurisdiction of the district court." 28 U.S.C. § 1441(c). As set forth in 28 U.S.C. § 1367(a), a district court has supplemental jurisdiction "in any civil action of which [it has] original jurisdiction … over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Throughout their pleadings, SEMS, Mark Morgan, and Adam Morgan do not ever argue or attempt to establish that their state law claims are not so related to Lee's ADEA claim such that they do not form part of the same case or controversy. Thus, they never establish that this Court does not have supplement jurisdiction over said state law claims, and it is not the Court's job to do so for them. Demonstrating that SEMS's original claims are not part of the same case and controversy as Lee's ADEA claim would be a necessary element for removal of this case pursuant to section 1441(c). As the removing party bears the burden of showing removal was proper, the Court finds SEMS, Mark Morgan, and Adam Morgan have failed

---

[25] R. Doc. 19.

8

to carry their burden. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."). The Court therefore finds that this matter was improvidently removed to this Court.[26]

### B. Motion to Realign the Parties

However, in an attempt to save their removal of this case, SEMS, Mark Morgan, and Adam Morgan filed the instant the Motion to Realign the Parties, or, Alternatively, Request to Sever the State Law Claims. In their Motion, SEMS, Mark Morgan, and Adam Morgan request that the Court realign the Parties as follows: (a) Lee as plaintiff alleging, *inter alia*, a cause of action under the ADEA; (b) SEMS, Mark Morgan, and Adam Morgan as defendants; (c) SEMS "as the counterclaim plaintiff in connection with its state law counterclaims as alleged in its Petition"[27]; and (d) Lee, Hannah Naquin, Hunter Lee, Amstead, P3, and Bruin "as counterclaim defendants as to the state law counterclaims."[28] They further claim, "[o]nce realigned, SEMS, Inc., Mark Morgan and Adam Morgan will be aligned as defendants in this case and, as a result, permitted to remove the state court proceeding to this Court as the Court maintains federal question jurisdiction pursuant to 28 U.S.C. § 1331 as to Ricky Lee's ADEA claim."[29] As specifically acknowledged by SEMS, Mark Morgan, and Adam Morgan, "the Fifth Circuit has explicitly rejected the notion that a plaintiff can remove its own action to federal court **absent realignment of the parties**."[30]

---

[26] In both their Opposition to the Motion to Remand and their Motion to Realign the Parties, discussed in more detail below, SEMS, Mark Morgan, and Adam Morgan request, in addition to allowing removal of this case pursuant to § 1441(c), that this Court also sever the state law claims and remand them back to state court while maintaining jurisdiction over Lee's ADEA claim. R. Doc. 8-1 at 13; 9 at 5. However, as this Court has determined removal is not proper here and that this matter should be remanded in its entirety to state court, it finds severing any state claims unwarranted.
[27] R. Doc. 8 at 1.
[28] *Id.*
[29] *Id.* at 2.
[30] *Id.*, citing *Nat'l Credit Union Admin. Bd. as Liqu v. Heard McElroy & Vestal LLC*, No. 21-1081, 2021 WL 2944891, at *4 (W.D. La. Jun. 28, 2021), *report and recommendation adopted*, 2021 WL 2942524 (W.D. La. Jul. 13, 2021) (emphasis in original).

In support of their Motion, SEMS, Mark Morgan, and Adam Morgan cite to Defendants' contention in their Motion to Remand that Lee "first took legal action concerning these events [that form the basis of this litigation] with his institution of an age discrimination charge with the United States Equal Employment Opportunity Commission … on January 31, 2021, which led to the filing of an EEOC Charge of Discrimination on May 3, 2021[,] …. immediately provok[ing] a pattern of retaliatory actions by Mr. Morgan and the resulting wrongful dismissal."[31] They further claim that "the posture of the case and the Lee Parties' allegations in their Motion to Remand support realignment of the parties."[32] The Court disagrees.

While the Court acknowledges that it is within the power of the federal courts to realign parties according to their real interests, the cases cited by SEMS, Mark Morgan, and Adam Morgan address such realignment, in determining jurisdiction, only in the context of realigning parties to determine whether diversity jurisdiction exists. *See City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941); *GuideOne Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 687 F.3d 676, 681 n.2 (5th Cir. 2012); *Griffin v. Lee*, 621 F.3d 380, 384 (5th Cir. 2010); *Lowe v. Ingalls Shipbuilding, a Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1177-78 (5th Cir. 1984); *Peters v. Standard Oil Co. of Tex.*, 174 F.2d 162, 163 (5th Cir. 1949); *Bilyeu v. Wells Fargo Ins. Servs. USA, Inc.*, No. 16-23, 2016 WL 5721060, at *7 (W.D. La. Aug. 8, 2016), *report and recommendation adopted*, 2016 WL 5721070 (W.D. La. Sep. 29, 2016). In fact, SEMS, Mark Morgan, and Adam Morgan do not identify a single case in which a federal court realigned parties for the purpose of creating federal question jurisdiction, as is the case here, and the Court knows of none.

---

[31] R. Doc. 8-1 at 1; R. Doc. 6 at 2.
[32] *Id.* at 8.

Moreover, "courts in our circuit consistently disfavor realignment after removal." *Bilyeu*, 2016 WL 5721060, at *7 (citing *Kahn Swick & Foti, LLC v. Specter Roseman Kodroff & Willis, PC*, No. 14-1979, 2014 WL 7140312, at *4 (E.D. La. Dec. 12, 2014) (recognizing "that a number of its sister courts in this Circuit have found utilizing realignment as a basis for removal from state court to be an improper legal mechanism")). "Those courts question the propriety of 'using realignment after removal to cure a defect in removal jurisdiction in general'…" *Id.* (quoting *Williams v. Mor-Tem Risk Mgmt. Servs. Inc.*, 11-1408, 2012 WL 10104752, at *4 n.1 (W.D. La. Mar. 22, 2012)). Further, "realignment after removal raises 'federalism concerns involved in balancing the general right of the plaintiff to choose his forum with the statutory right of defendants to remove to a federal forum.'" *Id.* (quoting *Williams*, 2012 WL 10104752, at *4). Thus, here, not only is there no basis or precedent for realignment of parties to create federal question jurisdiction, but realignment post-removal also is disfavored in this Circuit. As there is no support for the request made by SEMS, Mark Morgan, and Adam Morgan to, essentially, flip the Parties in this case, the Court recommends that their Motion to Realign the Parties be denied.[33]

### C. Defendants' Request for Attorney's Fees

Finally, in their Motion to Remand, Defendants seek an award of attorney's fees pursuant to 28 U.S.C. § 1447(c) as a sanction to SEMS, Mark Morgan, and Adam Morgan for their improvident removal of this case.[34] According to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Thus, the award of costs and fees lies within the discretion of the

---

[33] In addition, SEMS, Mark Morgan, and Adam Morgan, in their Motion to Realign the Parties, request, in the alternative, that this case be removed under § 1441(c) and that SEMS's state law claims be severed and remanded to state court. R. Doc. 8-1 at 11-13. However, as this Court has already addressed this request and denied it, the Court need not address it again here.
[34] R. Doc. 6-1 at 9.

11

Court. *Weiser v. Shaw Group Envtl. & Infrastructure, Inc.*, No. 11-558, 2011 WL 5180854, at *1 n.1 (M.D. La. Oct. 31, 2011). There is no automatic entitlement to an award of attorney's fees if a case is remanded. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, while the Court finds that removal of this case was improper, the Court does not conclude that it was objectively unreasonable so as to merit sanction pursuant to 28 U.S.C. § 1447(c), given SEMS's attempted removal pursuant to § 1441(c) as opposed to the more commonly invoked § 1441(a). The case cited by Defendants for the proposition that removal based on a federal claim in a counterclaim is objectively unreasonable such that attorney's fees and costs must be awarded is a case where removal was attempted per § 1447(a). *See Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692 (5th Cir. 2017). The Court therefore recommends that Defendants' request for attorney's fees and costs be denied.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion to Remand and For Attorneys' Fees and Costs (R. Doc. 6), filed by Defendants, be **GRANTED IN PART** and **DENIED IN PART**. **IT IS RECOMMENDED** that the request for remand be **GRANTED** and this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction. **IT IS FURTHER RECOMMENDED** that Defendants' request for attorney's fees be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Motion to Realign the Parties, or, Alternatively, Request to Sever the State Law Claims (R. Doc. 8), filed by Plaintiff Southern Environmental Management & Specialties, Inc. and Counterclaim Defendants Mark Morgan and Adam Morgan, be **DENIED**.

Signed in Baton Rouge, Louisiana, on November 23, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**